# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0348** (Webster County 14-F-5)

**Gary R. Butler,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gary R. Butler, by counsel Timothy J. LaFon, appeals the Circuit Court of Webster County's April 1, 2015, order denying his "motion for reconsideration of sentence" under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State, by counsel Laura Young, filed a response. On appeal, petitioner argues that the circuit court failed to consider reasonable extenuating circumstances when it denied his Rule 35(b) motion for reduction of his sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, petitioner was arrested for viewing child pornography on a computer located at the Webster County public library. He was later indicted on seventeen counts of possession of material depicting minors engaging in sexually explicit conduct and one count of a prohibited person in possession of a firearm.[2]

In May of 2014, pursuant to the plea agreement, petitioner pled guilty to three counts of possession of material depicting minors engaged in sexually explicit conduct. In September of 2014, following his guilty plea, the circuit court sentenced petitioner to a term of incarceration of

---

[1]While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will properly refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence or a Rule 35(b) motion.

[2]Petitioner was previously convicted of three felony counts of sexual abuse of a minor in the State of Maryland.

1

two years for the each of the three counts to which petitioner pled guilty, to be served consecutively, followed by thirty years of supervised release.

Thereafter, petitioner filed a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. In support of his motion, petitioner argued that he was not receiving proper medical care or sex offender treatment while incarcerated. The circuit court held a hearing wherein petitioner presented evidence that his sexual offender evaluation provided that he was an "adequate candidate" for probation and outpatient sex offender counseling. Petitioner contended that home confinement would save the taxpayers the expense of his medical treatment. Petitioner also presented evidence that his medical conditions were exacerbated by the conditions of his incarceration. At the close of the evidence, the circuit court found that petitioner was previously convicted of sexual offenses involving children, was placed on probation, received sex offender treatment, and reoffended. The circuit court determined that petitioner was eligible for parole in 2016 and his sentence was appropriate considering the facts and circumstances before it. The circuit court denied petitioner's motion by order dated April 1, 2015, reasoning that public safety concerns outweighed concerns about the cost of petitioner's incarceration and medical treatment. It is from this order that petitioner now appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We find no abuse of discretion in the circuit court's order denying petitioner's motion.

In the matter before us, petitioner does not challenge the correctness of his sentence but rather asserts that the circuit court failed to consider that he was an adequate candidate for probation and outpatient sex offender counseling, he had not received any sexual offender treatment while incarcerated, and his medical conditions were exacerbated by the conditions of his incarceration. Petitioner argues that his extensive medical need and extenuating factors warranted his early release. We disagree. According to the record, the circuit court clearly considered petitioner's extenuating factors and determined that petitioner was previously convicted of child sexual offenses, placed on probation, completed sex offender treatment, and reoffended. The circuit court soundly concluded that its central concern was the public's safety and determined that the parole board was "better suited to determine [petitioner's] suitability for release." Given the facts of the case, we find that the circuit court did not abuse its discretion in denying petitioner's motion for a reduction of sentence.

Further, we have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate

review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). While petitioner argues that his sentence is excessive, we note that his sentence is within the applicable statutory limitations. Specifically, the possession of material depicting minors engaged in sexually explicit conduct statute, West Virginia Code § 61-8C-3(b), provides, in pertinent part, that "[a]ny person who violates the provisions of subsection (a) of this section when the conduct involves fifty or fewer images shall, upon conviction, be imprisoned in a state correctional facility for not more than two years or fined not more than $2,000 or both." As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and his sentence is not reviewable on appeal. This is especially true in light of the fact that petitioner does not allege that the circuit court based its sentence on any impermissible factor. Instead, petitioner effectively argues that his sentence is excessive based upon his contention that his extensive medical need and extenuating factors warranted his early release. The Court, however, notes that none of these issues constitute an allegation that the circuit court based petitioner's sentence on an impermissible factor. As such, we reiterate that petitioner's sentence is, therefore, not reviewable on appeal.

For the foregoing reasons, the circuit court's April 1, 2015, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II